Fremont-Smith, Thayer, J.
Plaintiff is suing to recover for additional work it allegedly performed pursuant to its subcontract with the general contractor on a construction site to install the dry walls in the building. The agreement contained a “no damages for delay” clause, which is common in the industry. It stated:
6.8 - Delay Extension. Subcontractor agrees it shall have no claim for money damages or additional compensation for delay, no matter how caused. For an increase in the time required for performance of this subcontract not due to fault of the subcontractor, the sole and exclusive remedy shall be only such extension of time as allowed to the general contractor by owner.
Defendant contends that this clause requires that summary judgment be entered against the plaintiff.
Mecca, however, points out that it was able to complete its work without any delay. It claims, rather, that these costs were caused by All Interiors’ lack of coordination of various subtrades. Mecca claims this lack of coordination prevented it from performing its work “as efficiently and quickly as possible,” and that *198 the “lack of coordination and the great disruptions caused as a result thereof affected Mecca’s ability to complete the job on budget” as opposed to affecting its ability to complete the job on time (emphasis added).
It claims that the “serious loss of production” Mecca experienced was due to events such as mechanical lifts crushing 300 feet of Mecca’s track materials, ducts, plumbing and cable trays, and other tradesmen going in before Mecca was able to frame and install gypsum wall board and tape. It also claims that slots in the concrete were cut after track was installed, all of which hindered Mecca’s work on the project.
The question, then, is whether these hindrances which caused Mecca to complete the work piecemeal and thus to incur extra labor costs in excess of budget should be construed as “delays” for purposes of the contract, or whether they are to be construed to be not “delays" but rather “hindrances,” for which Mecca should not be barred from recoveiy.
The parties cite case law supporting both the position that Mecca’s claims are barred by the no-damage-for-delay clause, and the position that there is a significant difference between “hindrance” and “delay” so that hindrance claims are not barred. In general, it seems to be a very fact-specific determination, and to turn on the nature of the alleged damages which resulted from the “hindrances.” Some of the cases, moreover, involve public works contracts, where other statutory provisions may also apply.
The interpretation of a contract is a question of law for the court unless the court finds the contract to be ambiguous, in which case its interpretation becomes a question of fact for the jury. Bank v. Thermo Electrical, 451 Mass. 638, 648-51 (2008).
In B.J. Harland Elec. Co., Inc. v. Granger Bros., Inc., 24 Mass.App.Ct. 506 (1987), the subcontractor on a public works project sued the general contractor alleging the general contractor had failed to perform in an orderly manner and failed to coordinate the project so the plaintiff could finish its work on time. The plaintiff also claimed to have incurred additional expenses in having to perform its work piecemeal, out of sequence, and in winter weather.
Unlike the contract in this case, which bars recovery for delays only, the B.J. Harland contract language barred recoveiy for both hindrances or delays, providing: “Except as otherwise provided by law the contractor shall not be entitled to damages on account of any hindrances or delays, avoidable or unavoidable.” Not surprisingly, the Court held that, in those circumstances, “any distinction between delay and hindrance damages is one without a difference,” and denied recoveiy.
Similarly, in Joseph E. Bennett Co., Inc. v. Commonwealth, 21 Mass.App.Ct. 321, 329-30 (1985), the Court enforced a no-damage-for-delay clause despite poor job coordination that had caused a one-year delay. But, unlike this case the claimed damages were for the resulting delay, whereas in our case the claimed damages are not for delay (which is alleged not to have occurred) but for increased costs of labor and for damages to property of the plaintiff.
Again, in Reynolds Bros., Inc. v. Commonwealth, 412 Mass. 1, 7-8 (1992), the “no damages for delay” provision of the contract was held to bar recoveiy. The Court said (at 7-8):
We reject the argument that because Reynolds does not assert “delay" as much as it claims “hindrances” and “interferences” with the orderly performance of its work resulting in a loss of productivity, the no damages for delay provision is inapplicable. Hindrances and interferences, Reynolds contends, are not covered by Section 8.05. We are satisfied that there is no significant distinction between the hindrances and interferences to which Reynolds points and the alleged delay in the start of the project and delays caused by the work of other contractors, which are precluded by the no damages for delay provision.
In Reynolds, however, the alleged damages were undisputably from delays caused by the alleged hindrances, and the Court properly viewed plaintiffs hindrance and delay damages to be inseparable. Here, on the other hand, plaintiff asserts that there was no delay and that the damages are separate and distinct from delay.
However, in John E. Green Plumbing & Heating Co. v. Turner Construction Co., 742 F.2d 965, 966-67 (6th Cir. 1984), where plaintiff had alleged damages from both delay and hindrances, the Court allowed recov-eiy. In that case, in carrying out its duties under its contract, Green claimed to have encountered numerous problems caused by Turner’s mismanagement of its oversight responsibilities: contractors were doing work out-of-sequence, no temporary heat was provided, and design changes took too long to be approved. Some of these problems, like the slow approval of design changes, simply caused a delay in the completion of Green’s work. Other problems, like the lack of temporary heat and the out-of-sequence work, caused Green to employ more manpower resources to get the job done at great additional expense. In allowing recoveiy, the Court said that no-damage-for-delay clauses
“are commonly used in the construction industiy and generally recognized as valid and enforceable.” W.C. James, Inc. v. Phillips Petroleum Co., 485 F.2d 22, 25 (10th Cir. 1973). See also 74 A.L.R.3d 187 (1976); 13 Am.Jur.2d, Building and Construction Contracts, Sec. 52 (1964). However, because of their harsh effects, these clauses are to be strictly construed. See, e.g., E.C. Ernst, Inc. v. Manhattan Construction Co. of Texas, 551 F.2d 1026, 1029 (5th Cir. 1977), cert. denied 434 U.S. 1067 (1978). In our *199 case, the clause at issue forbids damages should the Contractor be delayed in the commencement, prosecution, or completion of the project. Green argues rather forcefully that this phrase, strictly construed, only bars delay damages and not other kinds of damages, such as damages for hindering work on the project. Accord Lichter v. Mellon-Stuart Co., 305 F.2d 216, 218-19 (2d Cir. 1962).
Under this interpretation, delay means time lost where work cannot be performed because essential supplies have not been delivered or necessary preliminary work has not been performed. Delay damages, then, refers simply to the cost of an idle workforce. We agree with Green. In this context, Green is not arguing that it suffered damages from delay, but rather that it suffered damages from obstacles created by Turner. And because at least a portion of Green’s claimed damages related to extra manpower costs incurred as a result of Turner’s hindrances — failure to properly coordinate work on the project and failure to ensure that temporary heat was provided — it was error for the trial judge to grant summary judgment against Green on this issue.
The Court concludes that, as in Green, at least some of plaintiffs damages here are alleged to be separate and distinct from any delay damages, but rather to be the result of damage to plaintiffs property[1] and increased labor and other costs required to complete the job on time in light of the hindrances plaintiff allegedly encountered. The Court rules that, to the extent that plaintiff can prove damages which are separate and distinct from any delays, recovery is not barred by the “no-damages for-delay” clause of the contract.
ORDER
As there are disputed issues of fact as to this issue, and as to other issues raised by the complaint (i.e., whether the notice requirements of the agreement were waived or subject to equitable estoppel, and whether misstatements were made which could provide a basis for misrepresentation or a c. 93A violation), defendants’ motion for summary judgment is DENIED.

See affidavit of Joseph A. Maglione, para. 7.